**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30278 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00246-EJL-1 |
| v. | |
| MATT EUGENE RUCK, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30279 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00062-EJL-1 |
| v. | |
| MATT EUGENE RUCK, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30280 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00183-EJL-1 |
| v. | |
| MATT EUGENE RUCK, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 9, 2018
Seattle, Washington

Before: RAWLINSON and CLIFTON, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

Defendant Matt Eugene Ruck challenges his sentence from a global sentencing on three separate federal cases including 1) fourteen counts of wire fraud and fourteen counts of theft of government property; 2) one count of Unlawful Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(1); and 3) one count of Aiding and Abetting Making False Statements in violation of 18 U.S.C. § 1001. The district court sentenced Ruck on all three matters to an above-guideline 60 months imprisonment. The district court also ordered restitution in the amount of $206,081.35. On appeal, Ruck argues the district court erred in calculating his applicable guideline range by improperly applying a 2-level enhancement under U.S.S.G. § 3B1.3, by departing upward from the applicable guideline range, and by improperly calculating the restitution amount. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

[**] The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

2                                                                    16-30278

On appeal, Ruck first argues the district court erred in calculating his applicable guideline range by improperly applying a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust or use of special skill. "This court reviews a district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts of the case for abuse of discretion." *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013) (citing *United States v. Gomez–Leon*, 545 F.3d 777, 782 (9th Cir. 2008)).

Ruck argues that the district court improperly applied the U.S.S.G. § 3B1.3 enhancement by treating the United States Border Patrol as a victim, when the only victim in the case was Elavon, the credit card processor. This argument lacks merit. The United States Border Patrol was the victim of Ruck's convictions for theft of government property and was properly considered a victim in this case. Additionally, the district court's ruling primarily relied on the special skill provision of U.S.S.G. § 3B1.3 and Ruck failed to challenge that application. As a result, Ruck waived this argument. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("we will not consider any claims that were not actually argued in appellant's opening brief"). For all these reasons, Ruck failed to establish that the district court erred in applying the 2-level enhancement under U.S.S.G. § 3B1.3.

16-30278

Ruck also argues that the district court erred by departing upward from the applicable guideline range. We review "all sentencing decisions for an abuse of discretion, regardless of whether the district court applies a sentence inside or outside the suggested guidelines range." *United States v. Tankersley*, 537 F.3d 1100, 1109 (9th Cir. 2008) (citation omitted). The district court adequately explained its reasons for an above guideline sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The district court relied on undisputed facts that were properly in the record and considered the totality of Ruck's conduct in giving Ruck an above guideline range sentence. The district court considered the calculated method Ruck used to commit his crimes, the people he victimized, and the degree of harm involved. Given the facts in this case, the district court did not abuse its discretion in sentencing Ruck to 60 months imprisonment.

Finally, Ruck claims the district court's restitution amount is not supported by evidence. Ruck failed to raise this claim with the district court. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court relied on the information Elavon provided in the PSR regarding the amount of loss it suffered and applied appropriate credits.

16-30278

Appellee's motion to file supplemental excerpts under seal and submit sealed document is **GRANTED**.

**AFFIRMED.**